IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA J. MCALMAN,<br><br>     Plaintiff,<br><br>  vs.<br><br>DAVID L. BERNHARDT, Acting Secretary, United States Department of the Interior,<br><br>     Defendant. | CIV. NO. 19-00362 JMS-RT<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

## I. INTRODUCTION

On July 8, 2019, pro se Plaintiff Roberta J. McAlman ("Plaintiff") filed an employment discrimination Complaint against her employer, Defendant David L. Bernhardt, in his capacity as Acting Secretary of the United States Department of the Interior ("Defendant"). ECF No. 1. That same day, Plaintiff also filed an Application to Proceed in forma pauperis ("IFP Application") and a Request for Appointment of Counsel. ECF Nos. 2-3. For the reasons discussed below, the IFP Application is GRANTED, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim, Plaintiff is GRANTED leave to amend, and the Request for Appointment of Counsel is DENIED.

## II.  IFP APPLICATION

As set forth in the IFP Application, Plaintiff currently has no income, no money in a bank account, and no assets.  IFP Application ¶¶ 2-5, ECF No. 2; *see also* Compl., ECF No. 1 at PageID #2 ("Currently, I remain on leave without pay.").  The IFP Application further indicates that Plaintiff has no monthly expenses, no dependents, and owes a debt of $1,300.  *Id.* ¶¶ 6-8.  The court finds that Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees); therefore, the court GRANTS Plaintiff's IFP Application.

## III.  BACKGROUND[1]

The Complaint alleges employment discrimination claims against Plaintiff's employer, the National Parks Service, United States Department of the Interior ("Agency").  ECF No. 1.  Attached to the Complaint are (1) a final Agency Decision and Order, dated April 1, 2019 ("Final Agency Decision"), granting summary judgment in favor of the Agency and against Plaintiff on her claims for discrimination and retaliation "on the bases of race (Hispanic), color (Black), sex

---

[1] For purposes of screening, facts alleged in the Complaint are accepted as true and construed in the light most favorable to Plaintiff.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).  The court also relies on documents attached to the Complaint.  *See Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978) ("[D]ocuments [attached to] the complaint . . . are properly a part of the court's review as to whether [a] plaintiff can prove any set of facts in support of [her] claim."); *see also* Fed. R. Civ. P. 10(c) ("[A] written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

(Female), disability (Mental) and reprisal (Previous [Equal Employment Opportunity] Activity)" in violation of "Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, et seq.," and (2) a Right-to-Sue letter dated April 9, 2019. ECF No. 1-1.

The Complaint itself is written on the court's "Employment Discrimination Complaint" form, which specifies that claims are asserted pursuant to Title VII, but nowhere in the Complaint does Plaintiff specify that she is also asserting claims pursuant to the Rehabilitation Act. Because the Final Agency Decision is attached to the Complaint, however, and construing the Complaint liberally, the court finds that it alleges that the Agency discriminated against Plaintiff between October 2006 and April 2015 in violation of both Title VII and the Rehabilitation Act. ECF No. 1 at PageID #4; ECF No. 1-1 at PageID #4.

The Complaint itself neither sets forth critical facts nor a coherent narrative or timeline of events supporting Plaintiff's claims. Rather, the Complaint's allegations respond to the Final Agency Decision. That is, the Complaint refers to and appears to incorporate portions of that decision—for example, the section titled "Claims at Issue" and some of the section titled "Section of Undisputed Material Facts"—but it also disputes many of the decision's facts. *See* ECF No. 1 at PageID #2 ("Please see attached [Final Agency

3

Decision] (pg. 1&2, (I) Claims at Issue, (1) through (15)")"; *see id.* at PageID #2-3 (disputing facts set forth in "III. Statement of Undisputed Material Facts"). Thus, it is not entirely clear which facts from the Final Agency Decision Plaintiff is incorporating and alleging in this action.

Nevertheless, the court discerns that Plaintiff's claims arise from the Agency's alleged conduct following her submission of a hardship transfer request in 2014. Plaintiff alleges that the Agency failed to process the request properly and failed to provider her with proper instructions, all of which caused delays resulting in Plaintiff being "placed on disability due to stress and anxiety." ECF No. 1 at PageID #3. In addition, shortly after submitting her hardship transfer request and taking "Family Medical Leave" in Hawaii, the Agency "continued to dock [Plaintiff's] pay [and] threatened [her] with termination." *Id.* The Agency allegedly "violated Article 42 of Union agreement in May 2015"; placed Plaintiff on "Detail" assignment rather than a reassignment; and conducted a management inquiry in November 2015, seven months after Plaintiff reported harassment by her first and second line supervisors. *Id.* Plaintiff "was not provided the appropriate resources to perform adequately," and the Agency "lied about no permanent employee located in Canarsie Pier in order not to provide 'Reassignment' request." *Id.*

Plaintiff seeks "such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees." *Id.* at PageID #4.

In December 2015, Plaintiff filed discrimination claims with the Equal Employment Opportunity Commission ("EEOC"). *Id.* Thus, Plaintiff appears to have exhausted her administrative remedies for claims charged in her EEOC complaint,[2] and filed her Complaint in a timely fashion.[3]

## IV. <u>STANDARDS OF REVIEW</u>

The court must screen the Complaint for each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings. The court must sua sponte dismiss a complaint or claim that is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see*

---

[2] A federal employee who wishes to bring employment discrimination claims pursuant to Title VII and the Rehabilitation Act in federal court must first exhaust his or her administrative remedies. 42 U.S.C. § 2000e-16(c); *Vinieratos v. U.S. Dep't of Air Force ex rel. Aldridge*, 939 F.2d 762, 767-68, 773 (9th Cir. 1991).

[3] It is well settled that after receiving an EEOC right-to-sue letter, a federal employee complainant has only ninety days within which to file a civil action; otherwise, the action is time-barred. *See* 29 C.F.R. § 1614.407; *see also Shareef v. McHugh*, 2017 WL 754326, at *4 (D. Haw. Feb. 27, 2017) (citing cases). Although Plaintiff does not allege the date she received the Right-to-Sue letter, the Ninth Circuit has adopted a rebuttable presumption that a claimant received an EEOC right-to-sue letter three days after it was issued. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125 (9th Cir. 2007) ("We adopt the three-day presumption."). Here, the Right-to-Sue letter was issued April 9, 2019. ECF No. 1-1 at PageID #7. Plaintiff is therefore presumed to have received it on April 12, 2019, and based on that presumption, the ninety-day limitation period expired on July 11, 2019. By filing her Complaint on July 8, 2019, Plaintiff's action is timely.

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (recognizing that a complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). However, although the court must accept as true allegations of material fact, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). That is, conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard. *Iqbal*, 556 U.S. at 678-79; *see also*

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation . . . be simple, concise, and direct." Fed R. Civ. P. 8(a)(2), (d)(1). That is, to state a plausible claim, a plaintiff must allege a factual and legal basis for each claim, such that each defendant is provided fair notice of what each claim is and the grounds upon which each claim rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Twombly*, 550 U.S. at 556-57, 562-563. The court may dismiss a complaint for violation of Rule 8 if a defendant would have difficulty responding to its claims, *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011), even if the complaint is not "wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Because Plaintiff is proceeding pro se, the court liberally construes her Complaint and resolves all doubts in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint. *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (citation

omitted). The court must grant leave to amend if it appears that Plaintiff can correct the defects in her Complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## V. <u>DISCUSSION</u>

Initially, Plaintiff's Complaint reads more like an appeal of the Final Agency Decision rather than a civil action asserting employment discrimination claims. As set forth in the Right-to-Sue letter, Plaintiff had the option of either (1) within thirty days of receiving that letter, appealing the Final Agency Decision to the EEOC, or (2) within ninety days after receiving the Right-to-Sue letter, filing a civil action in federal court. ECF No. 1-1 at PageID #5-6; *see* 29 C.F.R. § 1614.402(a) (EEOC appeal); 42 U.S.C. § 2000e-16(c). Plaintiff opted to file a new civil action in federal court, and therefore, to avoid dismissal, she must allege plausible claims for relief.

For the reasons discussed below, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state plausible claims.

## A.  Failure to Comply with Rule 8

First, Plaintiff's Complaint fails to comply with Rule 8.  The Complaint lacks the requisite "short and plain statement" of each claim followed by specific factual allegations supporting each claim and showing that Plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).  Rather, the Complaint includes allegations disputing certain portions of the Final Agency Decision, assumes facts that are not pled—for example, Plaintiff's protected status (race, color, national origin, and sex); what was said or done, when, and by whom, in support of Plaintiff's hostile environment claim; what accommodation Plaintiff requested on account of her disability, when such request was made; and when and what protected activity Plaintiff engaged in for which the Agency then retaliated—and includes factual and legal conclusions that appear to be based on conjecture and opinion.[4]

That is, the Complaint fails to set forth each claim in plain and simple statements and fails to link supporting factual allegations to each claim.  Thus, the

---

[4] For example, the Complaint alleges that (1) Plaintiff "was placed on disability . . . based on Agency's actions," (2) the "Agency violated Article 42 of Union agreement," (3) Plaintiff's "first and second line supervisors . . . both abuse authority," and (4) the "Agency lied about no permanent employee located in Canarsie Pier in order not to provide 'Reassignment' request." ECF No. 1 at PageID #3.

Complaint is DISMISSED for failure to comply with Rule 8.  *See Swierkiewicz*, 534 U.S. at 512; *Twombly*, 550 U.S. at 556-57, 562-563.

## B.  Failure to State a Claim

Second, the Complaint fails to allege facts necessary to state plausible employment discrimination claims.  As set forth below, Plaintiff fails to allege facts showing discriminatory motive by the Agency in connection with her claims of disparate treatment, hostile work environment, and retaliation in violation of Title VII; and disability discrimination and retaliation in violation of the Rehabilitation Act.  Nevertheless, because Plaintiff may be able to amend to assert plausible claims for relief, the court provides the relevant legal standards and addresses the Complaint's deficiencies for each claim.

### 1.  *Title VII Claims*

Title VII of the Civil Rights Act of 1964, as amended in 1972, prohibits discrimination against federal employees with respect to "[a]ll personnel actions . . . based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16; *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825 (1976).

#### a.  *Disparate treatment*

To state a Title VII discrimination claim for disparate treatment, a plaintiff must allege facts showing a discriminatory motive on the part of the employer.  *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1982);

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004). A plaintiff can allege discriminatory intent based on circumstantial evidence under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017) (explaining that in the alternative, a plaintiff may provide direct evidence in the form of factual allegations showing that a discriminatory reason "more likely than not motivated" the employer) (citation omitted).[5]

Here, allegations in the Complaint and attached documents do not show that the Agency's conduct was based on Plaintiff's protected status. The pleading documents indicate (1) that Plaintiff "identifies her race as Hispanic, her color as black, her sex as female, and her disability as mental stress," ECF No. 1-1 at PageID #10; and (2) that the Agency "dock[ed]" Plaintiff's pay, ECF No. 1 at PageID #3, and issued her a letter of warning in 2015, ECF No. 1-1 at PageID #12. But there is nothing linking the Agency's actions to Plaintiff's race, color, national origin, or sex. That is, the Complaint fails to allege facts showing that the

---

[5] Under the *McDonnell Douglas* framework, a plaintiff can establish a prima facie case of discrimination by alleging that "(1) the plaintiff belongs to a protected class, (2) [s]he was performing according to [her] employer's legitimate expectations, (3) [s]he suffered an adverse employment action, and (4) similarly situated employees [outside plaintiff's protected class] were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Reynaga*, 847 F.3d at 691; *see also McDonnell Douglas*, 411 U.S. at 802; *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008).

Agency's actions were based on a discriminatory motive. Thus, the Complaint fails to allege a plausible Title VII disparate treatment discrimination claim. This claim is DISMISSED with leave to amend.

### b. *Hostile work environment*

To state a Title VII hostile work environment claim, a plaintiff must allege: (1) that the defendant subjected plaintiff to verbal or physical conduct because of the plaintiff's protected characteristic(s); (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). "Not every insult or harassing comment will constitute a hostile work environment." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000). "The working environment must both subjectively and objectively be perceived as abusive." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017). That is, the plaintiff must show that she perceived the work environment as hostile and that a reasonable person in the plaintiff's position would have perceived it as hostile. In addition, a plaintiff must allege "that the [employer] is liable for the harassment that caused the hostile environment to exist." *Campbell v. Haw. Dep't. of Educ.*, 892 F.3d 1005, 1017 (9th Cir. 2018) (internal quotation marks and citations omitted).

Here, neither the Complaint nor the attached documents allege what specific comments, threats or harassing behavior her employer engaged in, nor do they allege the frequency and severity of such behavior. Moreover, the pleading documents do not allege that any harassing or threatening behavior was done because of Plaintiff's race, color, national origin, or sex. Thus, Plaintiff fails to state a plausible Title VII hostile work environment claim, and this claim is DISMISSED with leave to amend.

        *c.*    *Retaliation*

Title VII also prohibits retaliation by an employer "against an employee for making a charge or otherwise participating in a Title VII proceeding." *Nilsson v. City of Mesa*, 503 F.3d 947, 953 (9th Cir. 2007); *see* 42 U.S.C. § 2000e-3(a) (making it unlawful to discriminate against an employee because she has opposed an unlawful employment practice under Title VII, or because she has submitted a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII). To state a Title VII retaliation claim, a plaintiff must allege (1) that she engaged in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal link between her protected activity and the adverse employment action. *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007). "Protected activity includes . . . engaging in . . . activity intended to oppose an employer's

discriminatory practices." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (brackets, citation, and internal quotation marks omitted).

Here, Plaintiff does not allege that she engaged in any identifiably protected activity. The Complaint states that the "alleged discrimination occurred on or about October 2006, and April 2015." ECF No. 1 at PageID #4. The EEOC Decision's Statement of Material Facts states that Plaintiff "identified her previous EEO activity as occurring in June 2006." ECF No. 1-1 at PageID #10. The pleading documents do not, however, contain any further allegations of fact regarding what specific alleged protected activity occurred in 2006, or at any other time. Nor do they include allegations connecting such prior protected activity to any of the alleged wrongful actions. That is, Plaintiff fails to allege a causal link between a prior protected activity and an adverse employment action. Plaintiff's Title VII retaliation claim is DISMISSED with leave to amend.

### 2. *Rehabilitation Act Claims*

Claims for "[b]oth disparate treatment of a disabled person and refusal to make a reasonable accommodation for a disabled person are actionable under the Rehabilitation Act . . . ." *Gaytan v. Solis*, 2012 WL 2367822, at *3 (N.D. Cal. June 21, 2012) (citing *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (other citation omitted).

### a. *Disparate treatment*

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, applicable to federal employees asserting employment discrimination claims, borrows the substantive standards of the Americans with Disabilities Act ("ADA"). *See Johnston v. Horne*, 875 F.2d 1415, 1420-21 (9th Cir. 1989), *overruled on other grounds as recognized in Williams-Scaife v. Dep't of Def. Dependent Schs.*, 925 F.2d 346, 348 n.4 (9th Cir. 1991) (§ 791 applies to federal employees); *Coons v. Sec'y of the U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (ADA standards apply).

To state a prima facie claim for disparate treatment in violation of the Rehabilitation Act, a plaintiff must allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), (citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1058 (9th Cir. 2005), *superseded on other grounds by statute as noted in Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434 (9th Cir. 2018)). That is, a plaintiff must show that her disability was a "motivating factor" behind the discrimination. *See* 29 U.S.C. § 791(f) (adopting standards for ADA claims under § 501 of the Rehabilitation Act, including 42 U.S.C. § 12112, which forbids discrimination "against a qualified individual with a disability because of the disability . . ."). A

person is "qualified" if she "satisfies the requisite skill, experience, education and other job-related requirements of the employment position . . . and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m).

Here, the Complaint alleges that Plaintiff suffered from "stress and anxiety," ECF No. 1 at PageID #3, and the Final Agency Decision states that Plaintiff "identifies . . . her disability as mental stress," ECF No. 1-1 at PageID #10. But the pleading documents do not allege facts showing that Plaintiff's mental stress was a motivating factor behind any Agency action. Rather, the Complaint alleges just the opposite—that Plaintiff's disability was caused by the Agency's actions. *See* ECF No. 1 at PageID #3 ("[Plaintiff] was placed on disability due to stress and anxiety based on Agency's actions."). In short, Plaintiff fails to show that she suffered discrimination because of her disability. Thus, Plaintiff fails to state a plausible claim for disparate treatment under the Rehabilitation Act. This claim is DISMISSED with leave to amend.

### b. *Reasonable accommodation*

The Rehabilitation Act requires that government agencies reasonably accommodate an employee's disability. *See Buckingham v. United States*, 998 F.2d 735, 739 (9th Cir. 1993). To establish a claim for failure to accommodate, a plaintiff must show that she is a qualified individual with a disability, and that

"with or without reasonable accommodation," she could perform the essential functions of the job. *Id.* at 739-40. And if accommodation is required for the plaintiff to perform the job's essential functions, the plaintiff must show that a reasonable accommodation is possible. *Id.* at 740.

Plaintiff fails to allege that she requested reasonable accommodation because of a disability. Plaintiff alleges that the Agency failed to provide her "the appropriate resources to perform adequately." ECF No. 1 at PageID #3. Plaintiff does not specify what accommodation she requested. Nor does she allege that she required accommodation, because of a disability, to do her job.[6] In short, Plaintiff fails to allege facts sufficient to state a plausible claim for failure to provide reasonable accommodation in violation of the Rehabilitation Act. This claim is DISMISSED with leave to amend.

c.    *Retaliation*

To state a Rehabilitation Act retaliation claim, a plaintiff must allege "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1109 (D. Haw. 2015) (quoting *Coons*, 383 F.3d at 887) (other citations omitted).

_____

[6] Plaintiff does allege that she requested a hardship transfer, but because she does not allege that such transfer was to accommodate a disability, it is not a protected activity under the Rehabilitation Act. *See Pfeffer v. Hilton Grand Vacations Co., LLC*, 2009 WL 37519, at *13 (D. Haw. Jan. 7, 2009) ("[A] request for a reasonable accommodation is a protected activity.") (citing *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (other citation omitted)).

To establish the required causal link, a plaintiff must show that the adverse employment action would not have occurred in the absence of the plaintiff's prior protected activity. *See id.* (citing *Smith v. Harrington*, 2015 WL 1407292, at *22-23 (N.D. Cal. Mar. 27, 2015)) (collecting cases).

Plaintiff failed to allege that she engaged in a protected activity based on her disability. As set forth above, the pleading documents do not allege the basis for Plaintiff's 2006 EEO activity and Plaintiff does not allege that she requested accommodation for a disability. *See Pfeffer*, 2009 WL 37519, at *13 ("[a] request for a reasonable accommodation is a protected activity.") (citing *Pardi*, 389 F.3d at 850 (other citation omitted)). Thus, Plaintiff necessarily fails to allege that the Agency's actions were in retaliation for prior protected activity based on disability. That is, Plaintiff fails to allege a plausible Rehabilitation Act retaliation claim, and it is DISMISSED with leave to amend.

## C.    **Leave to Amend**

Plaintiff is granted leave to amend her Complaint by September 6, 2019, to attempt to cure the deficiencies set forth above. If Plaintiff chooses to amend, she must (1) state each claim she is making, (2) allege all the facts, legal theories, and exhibits that her claims rely upon, (3) allege what specific injury she suffered because of the Agency's conduct, and (4) what specific relief Plaintiff seeks.

An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must state that it is the "First Amended Complaint," and it may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety to be considered as part of the First Amended Complaint. Plaintiff may include only one claim per count. Any cause of action that is not raised in the First Amended Complaint is waived. *See id.* Failure to file an amended complaint by September 6, 2019 will result in automatic dismissal of this action.

## VI. **REQUEST FOR APPOINTMENT OF COUNSEL**

Contending that her claims are meritorious and that, despite her efforts, she has been unable to obtain counsel that she can afford, Plaintiff asks the court to appoint counsel. ECF No. 3.

Generally, a civil litigant has no right to counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may under 'exceptional circumstances'" request that counsel represent "indigent civil litigants." *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is . . . granted only in exceptional circumstances.") (quotation marks and citation omitted). In determining whether "exceptional circumstances" exist, the court must consider a litigant's "'likelihood of success on the merits as well as the [litigant's] ability . . . to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Difficulties that any litigant proceeding pro se would face "do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Because the court dismissed Plaintiff's Complaint for failure to state a claim, there is no operative complaint and therefore, the instant request for court-appointed counsel is premature. That is, until there is an operative complaint, the court cannot determine a likelihood of success on the merits. Further, Plaintiff does not allege that she faces any difficulties beyond those that any pro se civil

litigant would face. In short, Plaintiff has not established the requisite "exceptional circumstances" to warrant appointment of counsel.

The Request for Appointment of Counsel is DENIED without prejudice to refiling should Plaintiff be able to establish the requisite exceptional circumstances.

## VII. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's IFP Application is GRANTED, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim, and the Request for Appointment of Counsel is DENIED.

Plaintiff is GRANTED leave to file an amended complaint by September 6, 2019, to attempt to cure the deficiencies set forth above. Failure to file an amended complaint by September 6, 2019 will result in automatic dismissal of this action.

///

///

///

///

///

///

///

To assist Plaintiff should she choose the file an amended complaint, the Clerk of Court is DIRECTED to mail Plaintiff a copy of the court's form Complaint for Employment Discrimination.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 8, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*McAlman v. Bernhardt*, Civ. No. 19-00362 JMS-RT, Order (1) Granting Application to Proceed In Forma Pauperis; (2) Dismissing Complaint with Leave to Amend; and (3) Denying Request for Appointment of Counsel

22